BEN METTER *v.* ALEX MCBRIDE'S ADM'X.

**Decedents' Estates—Sale of Real Estate to Pay Debts.**

Where a suit is brought by an administrator to settle an estate, and it is made to appear that the personal estate is not sufficient to pay debts, the real estate should be ordered sold.

**Purchaser at a Sale of Real Estate to Pay Debts.**

> When one buys real estate from an administrator, who is ordered to sell the same to pay debts of the estate, the purchase money is still subject to the order of the court, and where the sale order provides that taxes and other liens be paid, the purchaser cannot refuse to complete his purchase on account of the existence of such liens as they will shift to the fund, and may be paid by the administrator out of such purchase money.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

June 14, 1877.

OPINION BY JUDGE COFER:

This suit was brought by the administratrix of Alexander McBride for a settlement of his estate. She made the American Life Insurance Company, John K. Speed, and the heirs at law of her intestate, defendants. The insurance company and Speed held mortgages on separate parcels of real estate belonging to the intestate. The mortgaged property was described in the petition, and it was alleged that the personal estate would be insufficient to pay the debts, and judgment to sell the realty was prayed for.

The insurance company answered and made its answer a cross-petition against the administratrix and heirs, and prayed for the enforcement of its mortgage. Process on the cross-petition was served on the heirs, two of whom were infants. Afterwards, on motion of the administratrix, a guardian ad litem was appointed "to defend for the infants, Theodore B. McBride and Charles E. McBride." The guardian filed an answer to the petition, but did not answer the cross-petition of the insurance company. The cause was referred to the master, who reported debts amounting to over thirty thousand dollars, and personal assets twelve thousand, showing a deficit of more than eighteen thousand dollars to be raised by sales of realty.

Among the debts reported was the mortgage debt of the insurance company. The report of debts and assets was confirmed, and the mortgaged property was adjudged to be sold. At the sale made pursuant to that judgment the appellant was the highest and best bidder for the property mortgaged to the insurance company. Failing to give bond according to the requirements of the judgment, a rule was issued against him to execute bond or appear and show why he did not do so. He responded: 1. That the city taxes on the property for the year 1874, amounting, with penalties and costs, to $221.26, had not been paid. 2. That the city taxes for the year

1876, amounting to $163.02, were unpaid. 3. That the state taxes for 1875 were not paid and the sheriff of the county had levied on the lot of ground and sold it for the taxes of that year, and that it was purchased for the state. 4. That the state taxes for 1876 were unpaid. 5. "That in the deed from Zachariah Glass and wife to Alexander McBride, deceased, of said lot, the consideration expressed on the face of said deed, dated March 18, 1856, was five hundred dollars in cash, and twenty-five hundred dollars in five equal annual payments, for the security of which a lien was retained on the face of said deed, and that said lien is not released of record, and that said Glass was no party to this suit, nor is there any evidence in the papers to show that said lien has been paid off and satisfied." 6. That no guardian ad litem had been appointed for the infant defendants on the cross-petition of the insurance company.

Upon hearing on the response the report of sale was confirmed and the rule to give bond made absolute. This appeal is prosecuted to reverse that judgment. At the time of making the order confirming the report of sale the court ordered said taxes due the city of Louisville and the commonwealth of Kentucky, for which the property was liable, to be first paid out of the proceeds of the sale. The fund is yet subject to the control of the court, and this order fully indemnifies the appellant against possible loss on account of the tax liens complained of, and entirely removes those grounds of objection.

The fourth ground of objection is without merit. That part of the response seems to have been cautiously worded with a view to present an apparent objection without stating a real one. It is nowhere stated that the debt to Glass or any part of it is unpaid. The complaint is that the lien reserved in the deed "is not released of record" and that there is no "evidence in the papers to show that said lien has been paid off and satisfied."

All this may be true, and yet it may be true that the lien has been discharged by the payment of the debt, and that the appellant knew it when he filed his response, and the record tends very strongly to show that such was the fact.

Four of the five notes given for the deferred payments are exhibited in the record, and there is an affidavit on file strongly tending to prove that these notes were in the papers when the response was filed. The missing note was due March 18, 1857, and the four notes falling due after that one are produced by the administratrix. That note had been due nearly twenty years when the response was

filed, and the proof taken afterward shows that Glass, to whom the notes were given, has been dead for about fifteen years, his estate being long since settled.

These facts render it not only improbable, but impossible, that the appellant can suffer on account of that note. The evidence of payment, independent of the lapse of time, is conclusive, and besides that, the statute of limitations had interposed a bar even before the death of McBride.

Appellant's counsel suggests that there may have been a new promise by McBride that would defeat a plea of the statute. In the first place the existence of such a promise is mere matter of improbable conjecture, and in the next place its existence would not prevent the appellant, after his purchase is completed, from relying on the statute.

The sixth objection is equally unavailing. The cross-petition of the insurance company was not necessary to authorize the court to order a sale of the property. Sec. 466, Civil Code. The parties interested in the real estate, viz.: the heirs at law of the decedent, and the mortgagee, being before the court on the petition of the administratrix, and the court, having ascertained through its master that there was a deficit of personal assets, had power to decree a sale of so much realty as would make up that deficit, without any cross-pleading. The mortgage debt was proved before the master, and the power of the court to order the property to be sold was complete, independent of the mortgage, and the mortgagee, being a party, is bound by that judgment, and must look to the fund produced by the sale for the satisfaction of its debt.

The appellant not only has a valid title but one that is free from even a suspicion of invalidity.

Judgment *affirmed*.

*R. C. Davis*, for appellant.

*Muir, Bijor & Davie*, for appellee.